# EXHIBIT 10

## Rachel Baxendale

**From:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>
**Sent:** 27 March 2025 2:11 AM
**To:** Geoffrey Sykes; Shek, Chun Yin
**Cc:** Barnaby Gowrie; Philip Aubry; Chris Beck
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]
**Attachments:** Non reliance letter (Template).docx

**[this message is from an external sender]**

Hi Geoffrey,

Thanks for the comments. A few questions

- You have asked for us to include language which notes: "We understand that the Directors acting in the best interests of the company is generally regarded as the interests of the members as a whole, <u>which includes future members</u> ..." The underlined language is new. Can you confirm reference to a member relates to participating shareholders? What is the intention of adding that directors should act in the interests of future members? I am struggling conceptually to understand how a director could act in a manner which is beneficial for future shareholders which is not also helpful for existing shareholders. Therefore the addition seems unnecessary.
- I am surprised that distributions were made. This seems inconsistent with a phone call we had. But perhaps I misheard. Can you provide more detail as to the nature of the distributions. The proposed language is as follows: "From 2019, DAF became involved in a legal dispute, and whilst DAF has still made distributions to allow the Participating Shareholders to make unrestricted grants to the supported community foundations, it has curtailed additional discretionary distributions". What is an unrestricted grant? What falls in the category of additional discretionary distributions?
- The limitations in our note will remain. To do a valuation which can support a transaction, we will need to do significantly more detailed work. This is an unusual/complicated situation. We are open to doing a fairness opinion on the transaction. However, this will require *inter alia* approval from our risk committee to proceed and more information on the proposed transaction and situation.
- We are happy for CDMCFAD LLC to have our memo on a non-reliance basis – please see attached for our template NRL. But this memo should not be used to support a transaction.

Happy to discuss.

Thanks

Alexis

**Alexis Anaman**
Senior Managing Director | Corporate Finance

**FTI Consulting**
+44 (0) 7766 734 520 M
alexis.anaman@fticonsulting.com

**From:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Sent:** 26 March 2025 13:02
**To:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>; Chris Beck <Chris.Beck@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Hi Alexis

Thanks for the below.

We have discussed further with our client and onshore counsel, and together with them set out some further clarificatory amendments as per the comments in the attached.

In addition to those minor amendments, we note that:
1. we have not received any material addressing reliance on the memorandum by CDMCFAD LLC; and
2. the "*Limitations and restrictions*" section is unchanged, and still provides that the memorandum "*should not be used to support a transaction*" ([1.8]-[1.10]).

In order for the memorandum to be useful in the circumstances, CDMCFAD needs to be able to rely on it (in addition to DAF HoldCo), or a separate, comparable memorandum would need to be addressed to CDMCFAD on which it may rely. Further, both entities will need to be able to rely on the memorandum(s) to support the proposed transaction. We confirm that we do not intend to disclose the memorandum(s) to any third parties. Apologies if we did not communicate those points clearly during our call on Friday.

Please let us know if there are any issues with either of those – if so, of course we would be happy to discuss.

Otherwise, we would be grateful to receive a draft engagement letter addressed to CDMCFAD LLC, and appropriate amendments to the memorandum(s) regarding reliance by both entities, and in support of a transaction.

Best regards,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>
**Sent:** 25 March 2025 10:54
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>; Chris Beck <Chris.Beck@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

---

Hi Geoffrey, please find attached a comparison against the last draft of the original version on our server.

**Alexis Anaman**
Senior Managing Director | Corporate Finance

**FTI Consulting**

+44 (0) 7766 734 520 M
alexis.anaman@fticonsulting.com

**From:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Sent:** 25 March 2025 12:55
**To:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>; Chris Beck <Chris.Beck@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Thanks Alexis.

Please could you also send a redline against the previous version in word?

Best regards,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>
**Sent:** 25 March 2025 02:15
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>; Chris Beck <Chris.Beck@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

---

Hi Geoffrey,

Please find attached an updated memo.

Thank you

Alexis

**Alexis Anaman**
Senior Managing Director | Corporate Finance

**FTI Consulting**
+44 (0) 7766 734 520 M
alexis.anaman@fticonsulting.com

**From:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Sent:** 24 March 2025 17:55

**To:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>; Chris Beck <Chris.Beck@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Hi Alexis

A Participating Shareholder may consider an absence of distributions to be sufficient grounds for a winding up order on the just and equitable basis, and they would be able to present a winding up petition on those grounds. However, it is difficult for us to say whether that petition would be successful, i.e. whether a Court would agree with the Participating Shareholder. In coming to a determination, the Court would consider all of the circumstances surrounding the absence of distributions, whatever those circumstances might be. In saying that, one point which would be relevant to the Court's determination is that the quantum of dividends is to be determined by the directors "*in their sole and absolute discretion without a requirement to pay such dividends on a pro-rata basis*" (Article 104).

If a winding up petition is presented and a winding up order is then made, any alteration in the status of a company's members after the petition was presented is void unless the Court orders otherwise (Companies Act sections 99 and 100). On that basis, if: (a) a Participating Shareholder presented a winding up petition; (b) new shares were purportedly issued; and (c) the Court then made a winding up order, the issue of the new shares would be void and accordingly would not impact the amounts the existing Participating Shareholders would receive in the winding up (unless the Court ordered otherwise).

Please let us know if you need anything else.

Best regards,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>
**Sent:** 22 March 2025 03:36
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

---

Hi Geoffrey,

Many thanks for your response.

Would an absence of distributions be sufficient grounds to make an application to wind the company up?

If the participating shareholders did make the application, would Mark be able to issue a vast number of shares to another party before the distributions were made thereby ensuring the existing shareholders received very little?

Thanks

Alexis

**Alexis Anaman**
Senior Managing Director | Corporate Finance

**FTI Consulting**
+44 (0) 7766 734 520 M
alexis.anaman@fticonsulting.com

---

**From:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Sent:** 21 March 2025 20:00
**To:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Hi Alexis

Thanks for your time on the phone last night and your email.

We confirm that, if DAF HoldCo was wound up, the Participating Shareholders would receive distributions. Those distributions would be made *pari passu*, and Mark (if he was the liquidator) would not be able to ensure that the existing Participating Shareholders get nothing. Article 122 provides that in a winding up, the assets available for distribution between Shareholders shall be applied: (a) first to pay both Participating and Management Shareholders *pari passu* for the par value of their shares, then (b) to pay any balance to the Participating Shareholders "*in proportion to the number of Participating Shares of the relevant Class and Series held*". The M&A are attached for convenience.

Whilst the Participating Shareholders have the right to seek to cause a winding up under the Companies Act, they need to have a proper basis on which to make an application to wind the company up. Until they have such a basis, they cannot cause the company to be wound up. We can only assume that the current Participating Shareholders have not commenced proceedings seeking to wind the company up because they do not have a proper basis on which to do so, but of course we do not know what is in their minds.

Please let us know if we can be of any further assistance.

Best regards,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>
**Sent:** 21 March 2025 09:34
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

---

Hi Walkers team,

Your comments note that “the Participating Shareholders do have the right to seek a winding up of the company, as conferred upon them by the Companies Act (rather than the Articles)”.

Can you confirm that if the firm was wound down, it would result in distributions to the existing participating shareholders? Or would Mark still be able to shareholder structure to ensure the existing participating shareholders got nothing?

Given they haven’t received dividends since 2019 (and presumably would like cash from DAF), why haven’t the existing participating shareholders just triggered a wind down?

If the holder of the share can trigger a wind down and then in short order receive $300m of distributions, it does change things re discount.

Thanks

Alexis

**Alexis Anaman**
Senior Managing Director | Corporate Finance

**FTI Consulting**
+44 (0) 7766 734 520 M
alexis.anaman@fticonsulting.com

---

**From:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Sent:** 20 March 2025 20:23
**To:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Hi Alexis

Further to the below, and noting that it is getting quite late for you, we could do a call this afternoon at 4.30pm (Cayman) / 9.30pm (London) if that was more convenient than tomorrow?

Best regards,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

---

**From:** Geoffrey Sykes
**Sent:** 20 March 2025 14:31
**To:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Hi Alexis

We appreciate you making yourself available at that hour this evening, but unfortunately we cannot do 8pm UK tonight.

We are under some time pressure from the client to progress the proposed transaction, and accordingly to have the report finalised as soon as we can. We would prefer to have the call before Monday if possible, are there any times tomorrow that would suit you?

Best regards,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>
**Sent:** 20 March 2025 14:07
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

---

Hi Geoffrey,

I am travelling at that time tomorrow.

Monday would be better if possible. I can also do 20.00 UK time tonight.

Thanks

Alexis

**Alexis Anaman**
Senior Managing Director | Corporate Finance

**FTI Consulting**
+44 (0) 7766 734 520 M
alexis.anaman@fticonsulting.com

**From:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Sent:** 20 March 2025 18:42
**To:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Hi Alexis

We think it would be best to discuss on a call, are you available tomorrow at 10am (Cayman) / 3pm (London)?

Best regards,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>
**Sent:** 20 March 2025 12:45
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

---

Excellent. Many thanks.

**Alexis Anaman**
Senior Managing Director | Corporate Finance

**FTI Consulting**
+44 (0) 7766 734 520 M
alexis.anaman@fticonsulting.com

**From:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Sent:** 20 March 2025 14:19
**To:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Hi Alexis

Thanks for getting back to us.

We are instructed that our client has settled your invoice this morning.

We will otherwise consider your comments and revert back.

Best,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>
**Sent:** 20 March 2025 05:50

**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

---

Hi Geoffrey,

Some comments below in red.

Thanks

Alexis

**Alexis Anaman**
Senior Managing Director | Corporate Finance

**FTI Consulting**
+44 (0) 7766 734 520 M
alexis.anaman@fticonsulting.com

---

**From:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Sent:** 20 March 2025 00:47
**To:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Hi Alexis

We have considered your draft valuation report dated 28 February 2025, and attach a version including our comments (along with the current Memorandum and Articles dated 20 February 2025).

**The Substance of the Report**

Most significantly:

1. We have obtained clarification from onshore counsel regarding the operation of the DAF structure. Accordingly, please replace [2.2] and [2.3] with the following amended versions:
   "2.2 *DAF is set up in a structure such that the Participating Shareholders (i.e., nonprofit organisations) hold a passive economic, non-voting interest. The Participating Shareholders do not have any right to exert influence on whether/how the funds of DAF are used or distributed – we understand that any attempts to do so may be regarded as a criminal offense by the IRS or result in significant tax liabilities.*
   *2.3 The foregoing tax issues and structure is the primary reason for the separation of control between Participating Shares (holders of which have very limited rights as described further in Section 3) and the Management Shares (holders of which have effective control over DAF). That is, the holder of the Management Shares needs to exercise independence and act on an arms' length basis to the holders of the Participating Shares and their affiliates.*" Fine to make change.

2. It is stated at [3.2(1)] that Mr Patrick has "*an ultimate right to override the articles*". However, any amendment to the articles which constitutes a material adverse variation or abrogation of the rights of the Participating Shareholders must be approved by two-thirds of the Participating Shareholders, which is a significant restriction on Mr Patrick's ability to affect the rights of the Participating Shareholders (Article 13). We can delete this paragraph.

3. It is stated at [3.2(2)] that "*there is no overriding duty of DAF's Directors to act in the shareholders' interest. The Directors will act according to the best interest of the company, that is, to achieve the charitable causes that are aligned with DAF's mission*". However, as a matter of Cayman law, DAF's directors owe their various duties to the company, and must act in the best interests of the company. The best interests of the company are generally regarded as the interests of the members as a whole, and in certain circumstances the objects of the company may be taken into account when determining what is in the best interests of the company. Can you explain how it was in the interests of the company to materially dilute the existing shareholders?

4. It is stated at [3.10] that "*the Participating Shareholders do not have any rights to cause a liquidation/winding up of the company*". However, the Participating Shareholders do have the right to seek a winding up of the company, as conferred upon them by the Companies Act (rather than the Articles). Why won't they just do this immediately and seek distributions? Isn't the ability to trigger a liquidation contradictory with point 1 which states *"Shareholders do not have any right to exert influence on whether/how the funds of DAF are used or distributed".*

5. As per our comments in a number of places, please could you delete references to our advice so as to avoid any potential arguments about waiver of privilege. Your advice is important in us arriving at our conclusions. I understand from our legal team that we either (i) keep the reference to your advice or (ii) address the memo to you. Are you expecting there to be litigation in relation to the proposed transaction? The more colour you can give the better.

In addition, we note that you were provided with material which indicated that the Participating Shares were redeemable at the option of the Company but not at the option of the shareholder. On further consideration, we consider the better view to be that the Participating Shares are not redeemable at the option of the Company or the shareholder. It appears that your report refers to redemption rights at [3.1], [3.19]-[3.20], and [4.1]. Noting your comments that "*the discount applied to the factors above would also cover the risk of redemption*" (at [3.20]) this may not impact your assessment of value, but please consider and make amendments to the draft as necessary. Sure, will do.

The above comments are also reflected in the attached, along with some other comments which are relatively minor and we hope will be self-explanatory. In any event, please let us know if you have any queries. We can run through these comments.

Of course, please consider the impact that any of the above may have on your assessment of value.

**The Permitted Uses of the Report**

Further, the context in which our client is operating has changed since your draft report was issued. Our client now seeks a valuation report which may, in connection with a proposed redemption of the membership interests in CDMCFAD, be disclosed to third parties and relied on to establish fair market value of both the membership interests in CDMCFAD, and in turn DAF HoldCo. This is a material change in the purpose and access rights of the report. Please provide more detail of the transaction. Is it the case that Mark will make CDMCFAD, LLC redeem the shares owned in by DAF? And who would you like to share the report with? And on what basis (e.g. non-reliance)? We also note that our memo is not a valuation – it is a quantification of discounts given the rights of the participating shares. To do a valuation, we would need to do a more detailed exercise, including valuing the underlying assets.

**Next Steps**

On the basis of the above, please could you provide an updated draft:

1. In light of our comments as above and in the attached, including to account for any amendment to your assessment of value; and
2. With the section headed "*Limitations and restrictions* " (at [1.8]-[1.10]) amended so as to permit the report to be used and relied on in the manner set out above.

If you could consider the next step (prior to the above) being our invoice for work done so far to be settled it would be appreciated.

Please let us know if you would like to discuss.

Best regards,

**Geoffrey Sykes**
Associate

**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>
**Sent:** 18 March 2025 02:12
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

---

Great. Look forward to receiving the comments and thanks re invoice.

**Alexis Anaman**
Senior Managing Director | Corporate Finance

**FTI Consulting**
+44 (0) 7766 734 520 M
alexis.anaman@fticonsulting.com

**From:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Sent:** 17 March 2025 23:36
**To:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Hi Alexis

Thanks for your timely email.

We do have some comments on your draft report – we are discussing with onshore counsel and our client and will revert back in substance in the coming days.

We have also passed on a reminder regarding your invoice.

Best regards,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>
**Sent:** 17 March 2025 11:45
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>

**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

---

Hi Geoffrey,

Trust all is well with the report?

Will the invoice be settled soon?

Thanks

Alexis

**Alexis Anaman**
Senior Managing Director | Corporate Finance

**FTI Consulting**
+44 (0) 7766 734 520 M
alexis.anaman@fticonsulting.com

**From:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Sent:** 03 March 2025 15:15
**To:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Hi Alexis

Many thanks for the below.

We will consider in tandem with our client, and will let you know if we have any comments.

Best regards,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Anaman, Alexis <Alexis.Anaman@fticonsulting.com>
**Sent:** 02 March 2025 10:26
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Cc:** Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

---

Hi Walkers team,

Please find attached our draft memo and invoice (fees are at the bottom of our fee estimate range).

If you have any comments on the draft memo, or would like to discuss it, please do let me know.

Thanks

Alexis

**Alexis Anaman**
Senior Managing Director | Corporate Finance

**FTI Consulting**
+44 (0) 7766 734 520 M
alexis.anaman@fticonsulting.com

**From:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Sent:** 20 February 2025 14:52
**To:** Shek, Chun Yin <Marco.shek@fticonsulting.com>; Mark Patrick <mpatrick@dafholdco.com>
**Cc:** Stahl, Matt <Matt.Stahl@fticonsulting.com>; Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

Hi Mark, Marco

That suits us, and thanks Marco and team for making yourselves available at that hour.

**Mark** – please let us know if that suits you.

Best regards,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

**T** +1 345 814 6834 | **M** +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Shek, Chun Yin <Marco.shek@fticonsulting.com>
**Sent:** 20 February 2025 09:30
**To:** Mark Patrick <mpatrick@dafholdco.com>; Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Cc:** Stahl, Matt <Matt.Stahl@fticonsulting.com>; Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** RE: [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

---

Hi Mark, Geoffrey,

Alexis and I are available to speak at 3-4pm Cayman (8-9pm UK) today, if that works for you.

Otherwise please suggest times for Friday/early next week and we will try our best to accommodate.

Best regards,
Marco

**Chun Yin (Marco) Shek, CFA**
Senior Director

**FTI Consulting**
+44 203 727 1410 T | +44 7976 326 013 M
Email: marco.shek@fticonsulting.com

200 Aldersgate | Aldersgate Street
London | EC1A 4HD | United Kingdom
www.fticonsulting.com

---

**From:** Mark Patrick <mpatrick@dafholdco.com>
**Sent:** 20 February 2025 00:09
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Cc:** Shek, Chun Yin <Marco.shek@fticonsulting.com>; Stahl, Matt <Matt.Stahl@fticonsulting.com>; Anaman, Alexis <Alexis.Anaman@fticonsulting.com>; Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>
**Subject:** [EXTERNAL] Re: Charitable DAF HoldCo Ltd and CDMCFAD LCC - Valuations [WALKERS-AMER_DOCS.FID2294181]

I'm traveling in the morning tomorrow.  Either late afternoon Thursday or late afternoon Friday  works for me.

On Wed, Feb 19, 2025, 6:01 PM Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com> wrote:

> Hi Mark, Marco
>
> Mark, as we understand you have discussed with Brandon, and Marco, as per our previous emails with you, we are arranging a call to further discuss the valuation exercise.
>
> In particular, Mark would like to discuss his plans for future distributions, and Marco and the FTI team would like to discuss the 30 September 2024 valuation and the 7 February 2025 share issue.
>
> Please let us know if you are available tomorrow (Thursday) at 10.30am (CT) / 11.30am (Cayman) / 4.30pm (London).
>
> Otherwise, we are available tomorrow anytime after that, or on Friday during the Cayman morning.

Best regards,

**Geoffrey Sykes**
Associate
Walkers (Cayman) LLP

**Walkers** | Making financial services work

**T** +1 345 814 6834 | **M** +1 345 814 6834 | **E** Geoffrey.Sykes@walkersglobal.com
190 Elgin Avenue, George Town, Grand Cayman KY1-9001, Cayman Islands
www.walkersglobal.com

**Secretary**
Alexandra Irwin | **T** +1 345 814 4609 | **E** Alexandra.Irwin@walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

---

All services are supplied on the basis of the firm's standard Terms of Engagement which can be found here. We take the protection of personal data very seriously. Full details of how we will process your personal data can be found in our Privacy Statement.

WALKERS' DISCLAIMER: The information in this email may be confidential, legally privileged and exempt from disclosure under applicable laws. If you are not the intended recipient, you must not read, use or disseminate the information in any way. If you receive this email in error, please inform us immediately and then delete it from your system. Due to the nature of email communication, Walkers and its affiliated entities accept no responsibility for any viruses or for the reliability, security, inaccuracy, incompleteness, interception, corruption, loss or delay of information exchanged.

---

Confidentiality Notice:
This email and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and then delete this copy and the reply from your system. Thank you for your cooperation.

FTI Consulting LLP. Registered Number OC372614. Registered in England and Wales at 200 Aldersgate, Aldersgate Street, London, EC1A 4HD. A full list of Members is available for inspection at the registered address.

**[to be printed on relevant FTI letterhead]**

[COMPANY]
[ADDRESS 1]
[ADDRESS 2]
[ADDRESS 3]
[ADDRESS 4]

[date]

Dear Sir or Madam,

**Release Letter for [*matter description / project name*]**

FTI Consulting LLP ("FTI") refers to its report regarding [●] (the "Report") regarding [●], supplied to [●] (the "Client") pursuant to an engagement letter between FTI and Client dated [●] 20[●].

FTI understands that you are [*insert description of recipient and purpose of disclosure of report*] (the "Purpose") and wish to be provided with a copy of the Report. The Client has authorised FTI to provide a copy of the Report to you. This letter sets out the terms on which FTI will agree to release the Report to you and explains certain matters in relation to the Report. Those terms are:

1) You accept that in providing you with a copy of the Report and otherwise communicating with you concerning the Report or the Client, FTI shall have no responsibility or liability to you, whether in contract, tort (including negligence) or otherwise. Any use that you or any of Representatives (as defined below) make of the Report is entirely at your own risk. You agree to release FTI and its personnel from any claim arising out of or in connection with the Report (and shall procure that your Representatives (as defined below) do the same).

2) You shall keep the Report confidential and shall not provide the Report to third parties by any means without FTI's prior written consent, unless you are requested to do so by order of a court of competent jurisdiction or pursuant to law or regulation or any valid request or demand of any governmental or regulatory body or authority. Unless FTI has given its consent in this release letter, it may, at its sole discretion, withhold consent. Whether or not FTI has given its consent, FTI will not accept any liability or responsibility to any third party who may get access to the Report.

3) You may make copies of the Report available to your directors and officers, those employees involved in considering the Report, and your legal advisers (your "Representatives"), provided that in each case you take reasonable steps to ensure that they understand and agree that:

a) The Report is confidential and may not be disclosed to any other parties without FTI's prior written consent;

b) The Representatives may use the Report only for the Purpose, in the case of advisers, only for the purpose of advising you in relation to the Purpose; and

c) FTI accepts no duty of care to the Representatives in respect of any use they may make of the Report, and/or any other information and explanations we may provide.

You shall be responsible for any breach of the terms of this letter agreement by your Representatives.

The terms of this letter will continue to apply in respect of the Report released under its terms, even if FTI later agrees to accept a duty of care to you in respect of some other report.

The work underlying the Report covered only the matters set out in FTI's contract or engagement letter with Client. In agreeing to the scope of work with the Client, FTI had regard to possible areas of interest to Client in general, but without the interests or concerns of any other third party in mind. The issues covered in the Report and the emphasis placed upon them, may not address or reflect your specific requirements, interests or circumstances.

FTI has not carried out any work or made any enquiries of the Client's management since [●] 20[●] being the date on which we completed our fieldwork. The Report does not incorporate the effects, if any, of events and circumstances which may have occurred or information which may have come to light subsequent to that date. FTI makes no representation as to whether, had it carried out such work or made such enquiries, there would have been a material effect on the Report. Further, FTI has no obligation to notify you if any matters come to its attention which might affect the continuing validity of the comments or conclusions in the Report.

The Report may contain Personal Data as defined by the General Data Protection Regulation (EU) 2016/679. In respect of any such Personal Data, we shall each be separate and individual controllers and shall each be responsible for compliance with our own obligations under applicable data protection laws. You shall ensure that you will comply with the requirements of applicable data protection laws in respect of your receipt, use and any subsequent disclosure of the Personal Data, including any disclosures made pursuant to this release.

This letter, any non-contractual obligations arising out of or in connection with it and our relationship with you, shall be governed by and interpreted in accordance with the laws of England & Wales. The English courts shall have exclusive jurisdiction in respect of all disputes or claims (including non-contractual disputes or claims) arising out of or in connection with this letter or the Report.

If you wish to receive a copy of the Report on the terms set out above, please acknowledge and agree to the terms by signing the enclosed copy of this letter in the space provided and returning it to FTI.

Yours faithfully,

**[*name*]**
**Senior Managing Director**
**For and on behalf of FTI Consulting LLP**

**Confirmation**

We confirm that we wish to receive a copy of the Report on the Client and acknowledge and agree to abide by the terms set out in the letter dated [●] from FTI Consulting LLP. We also acknowledge and agree that these terms will apply to each version of the Report provided to us.

ACKNOWLEDGED AND AGREED:

For and on behalf of [*INSERT NAME OF RECIPIENT COMPANY*]

By: ________________________________________
Signature

________________________________________
Title

________________________________________
Date