# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| THE DUGABOY INVESTMENT TRUST et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARK E. PATRICK, individually and as trustee of DAAM REAL ESTATE TRUST, et al.,<br><br>Defendants,<br><br>ATLAS IDF, L.P.; et al.,<br><br>Nominal Defendants. | ) | Case No.: 4:26-CV-00738-RK |

**DECLARATION OF MARK E. PATRICK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I, Mark E. Patrick, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over eighteen years of age, of sound mind, and otherwise competent to make this Declaration. I am a named Defendant in the above-captioned action, both individually and in my capacity as a trustee of the DAAM Real Estate Trust, and I serve in management or control capacities for the moving entity Defendants (collectively, the "DAF Entities"). I have personal knowledge of the facts stated herein, and they are true and correct to the best of my knowledge.

2. I am a natural person domiciled in Dallas County, Texas, where I currently live and intend to remain. I have continuously resided and worked in Dallas for decades.

3. My permanent home and primary residence is located at 6716 Glenhurst Drive, Dallas, Texas 75254, which I own and claim as my constitutional and statutory Texas homestead.

4. I am registered to vote in Dallas County, Texas; I hold a Texas driver's license issued by the State of Texas; my personal bank accounts and vehicles are registered in Texas; and I file my federal income tax returns from my permanent residence in Dallas, Texas.

5. I have never been domiciled in Missouri, have never registered to vote in Missouri, have never held a Missouri driver's license, and have never filed a Missouri resident income tax return.

6. I am an attorney licensed to practice law by the State Bar of Texas (Texas Bar No. 00791404, admitted in 1994). I am not licensed to practice law in Missouri. I conduct my day-to-day professional and management work from Dallas, Texas.

7. Plaintiffs James D. Dondero and The Dugaboy Investment Trust have had actual knowledge, since before this suit was filed, that I reside and work in Dallas, Texas. On May 7, 2026, in connection with proceedings in *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (Bankr. N.D. Tex.), Plaintiffs' lead counsel, Michael J. Edney of Morgan Lewis, deposed me under oath for approximately seven hours. During that sworn deposition (and again during live testimony in the Bankruptcy Court on May 12, 2026), I testified under oath that I reside at my home in Dallas, Texas, and that the registered address and place of business of Defendant DFW Charitable Foundation is my home residence in Dallas, Texas.

8. I do not personally own the real property located at 4909 Minor Hill Road, Ashland, Missouri 65010 (the "Ashland Property") referenced in the Complaint. The Ashland Property was acquired on November 4, 2024, and is titled in the name of the DAAM Real Estate Trust, a private family trust for which I serve as a trustee.

9. The Ashland Property was acquired strictly for personal and family purposes to serve as the primary residence of our daughter while she attends a six-year academic program

nearby at the University of Missouri in Columbia, Missouri (located approximately fifteen minutes from Ashland). No funds belonging to Plaintiffs James D. Dondero or The Dugaboy Investment Trust, or to Charitable DAF HoldCo, Ltd., were used to purchase or maintain the Ashland Property; it was acquired using my personal compensation and personal funds.

10. The Ashland Property is not my residence, nor is it an office, "headquarters," or "nerve center" for any business or entity. During the twenty-month period alleged in the Complaint as the span of the purported RICO scheme—November 2023 through July 2025 (over 600 days)—I spent a total of approximately 30 days in the State of Missouri across six personal trips. Every one of those six trips was tied strictly to personal, family, and educational matters concerning my daughter's university admission, orientation, and move-in at the University of Missouri. On each of those six trips, I stayed in commercial hotels in Missouri, not at the Ashland Property.

11. My entire travel history to Missouri from 2023 to 2026 is as follows:

a. In 2023, I did not visit Missouri.

b. In 2024, I visited Missouri twice for a total of five days:

i. October 21 to 22, 2024. I stayed in a commercial hotel.

ii. November 4 to 6, 2024. I stayed in a commercial hotel.

c. In 2025, I visited Missouri five times for a total of 52 days:

i. February 20 to 22, 2025. I stayed in a commercial hotel.

ii. March 15 to 20, 2025. I stayed in a commercial hotel.

iii. April 17 to 21, 2025. I stayed in a commercial hotel.

iv. June 26 to July 9, 2025. I stayed in a commercial hotel.

v. August 20 to September 17, 2025. I stayed in a commercial hotel until August 23, then stayed at the Ashland Property to furnish and ready the property for my daughter.

d. In 2026, I visited Missouri twice for a total of 17 days:

i. March 20 to 29, 2026. I stayed at the Ashland Property.

ii. May 2 to 9, 2026. I stayed in a commercial hotel for two nights and stayed at the Ashland Property for the other nights.

12. During each of my visits to Missouri in the relevant time period, I did not conduct any corporate business, board meetings, or restructuring transactions for the DAF or HMIT in Missouri. To the extent I answered an email or telephone call while visiting my daughter in Missouri, any such communication was purely incidental to my personal family travel and involved out-of-state parties and matters centered in Texas, Delaware, or the Cayman Islands.

13. Specifically, contrary to the "information and belief" conjectures in Paragraphs 109 and 111 of the Complaint: (a) I was physically located in Texas—not at the Ashland Property or anywhere in Missouri—when the March 27, 2025 redemption of participation shares in Charitable DAF HoldCo, Ltd. was authorized and directed; and (b) the valuation report prepared by Defendant ValueScope Inc. (n/k/a Marshall & Stevens Dallas-Fort Worth) was prepared in Texas and transmitted to me in Texas, not from or to the Ashland Property.

14. None of the moving DAF Entities are incorporated, organized, headquartered, or registered to do business in Missouri, and none maintains any office, employee, bank account, books and records, or operations in Missouri:

a. DFW Charitable Foundation is a Delaware nonprofit corporation recognized as tax-exempt under Internal Revenue Code § 501(c)(3),

headquartered in Texas with its registered office and principal place of business at my residence in Dallas, Texas.

b. CDMCFAD, LLC; Charitable DAF GP, LLC; CLO Holdco, LLC; Rand Advisors, LLC; Rand PE Fund Management, LLC; Atlas IDF GP, LLC; and Beacon Mountain, LLC (nominal) are each Delaware limited liability companies whose management, books, and records are maintained in Dallas, Texas.

c. Hunter Mountain Investment Trust ("HMIT") is a Delaware statutory trust formed under the Delaware Statutory Trust Act, 12 Del. C. § 3801 et seq., administered from Dallas, Texas.

d. Atlas IDF, L.P. (nominal) and Rand PE Fund I, L.P. (nominal) are Delaware limited partnerships managed and administered from Dallas, Texas.

e. CDH GP, Ltd. and CLO Holdco, Ltd. are Cayman Islands exempted companies with their registered offices in Grand Cayman, Cayman Islands, and management conducted in Dallas, Texas and Grand Cayman.

f. Charitable DAF Fund, L.P. (nominal) is a Cayman Islands exempted limited partnership with its registered office in Grand Cayman, Cayman Islands.

g. Charitable DAF HoldCo, Ltd. (nominal) is a Cayman Islands exempted company currently in court-supervised Official Liquidation before the Grand Court of the Cayman Islands (Cause Nos. FSD 99 and 116 of 2025)

under the exclusive control of Cayman court-appointed Joint Official Liquidators.

15. All corporate governance actions, restructuring documents, legal consultations with Dallas-based outside counsel (Shields Legal Group, P.C.), independent valuation engagements with Texas-based appraisers (ValueScope Inc.), and settlement negotiations regarding the Highland Bankruptcy Rule 9019 Settlement took place in Texas (or, as to Cayman corporate filings, in Grand Cayman), never in Missouri. Likewise, all books, records, and witnesses for the DAF Entities are located in Dallas, Texas or Grand Cayman. Similarly, the other independent professional firms that provided valuation, fairness, accounting, compensation benchmarking, and tax services in connection with the transactions challenged in the Complaint all performed their work outside of Missouri, predominantly in Texas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of November, in Dallas, Texas.

Mark Patrick

MARK E. PATRICK

867 Boylston Street
5th Floor #1656
Boston, MA 02116

# Transaction Level Key Event Audit Trail

Generation Date: 2026-11-04 19:37:07 UTC
Document generated with PROOF ENGINE® timestamps.
Natalie Olvera
Transaction ID: ota947ab6
Signatories:
Mark Patrick (mpatricktax1040@gmail.com)

Mark Patrick

| Date | User Name | User IP | Action | Document Name |
|---|---|---|---|---|
| 2026-11-04 19:35:04 UTC | Natalie Olvera | 172.87.173.202 | Document Created | DeclarationofMarkE.PatrickISOMTD4935-8128-8157.2.pdf |
| 2026-11-04 19:36:38 UTC | Mark Patrick | | Login Success Password | |
| 2026-11-04 19:37:00 UTC | Mark Patrick | 98.156.204.45 | Created/adopted electronic signature | DeclarationofMarkE.PatrickISOMTD4935-8128-8157.2.pdf |
| 2026-11-04 19:37:00 UTC | Mark Patrick | 98.156.204.45 | Signature Added | DeclarationofMarkE.PatrickISOMTD4935-8128-8157.2.pdf |
| 2026-11-04 19:37:03 UTC | | 98.156.204.45 | Digital Certificate Applied to Document | DeclarationofMarkE.PatrickISOMTD4935-8128-8157.2.pdf |

CONFIDENTIAL. © 2026. Notarize, Inc. (dba Proof.com)

Proof

# How to Verify This Transaction

Every Proof transaction is recorded and saved for a minimum of five years. Whether you receive an electronic or printed paper copy of a Proof document, you can access details of the transaction and verify its authenticity with the information below.

To get started, visit **verify.proof.com** and enter this information:

| | |
|---|---|
| **Access ID:** | 2USNY9ND |
| **Access PIN:** | ZFFP9G |

For more information on how to verify Proof transactions, please visit: **support.proof.com**