IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DUGABOY INVESTMENT TRUST, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00738-RK |
| | ) | |
| MARK E. PATRICK, individually and as trustee for DAAM REAL ESTATE TRUST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUGGESTIONS IN SUPPORT OF DEFENDANTS MARK E. PATRICK, AS TRUSTEE OF THE DAAM REAL ESTATE TRUST, AND THE DAAM REAL ESTATE TRUST'S MOTION TO DISMISS**

Defendants Mark E. Patrick, solely in his capacity as trustee of the DAAM Real Estate Trust (the "Trustee"), and the DAAM Real Estate Trust (the "Trust") (together, the "DAAM Defendants") submit the following Suggestions in Support of their Motion to Dismiss. Mr. Patrick appears through undersigned counsel solely in his representative capacity as trustee and not individually.

## INTRODUCTION

This lawsuit is Dondero's latest attempt to litigate what is fundamentally a Texas dispute over the governance of charitable and investment entities. (Doc. 52 at 1). The DAAM Defendants are in this case for one reason: the Trust holds title to a residence in Ashland, Missouri that serves as the home of Mr. Patrick's daughter while she attends the University of Missouri. (Doc. 50-1 ¶¶ 8–9). That property is the only thread tying this Texas dispute to Missouri.

The DAAM Defendants should be dismissed for two reasons. *First*, the DAAM Defendants join in, and incorporate by reference, the Motion to Dismiss and Suggestions in Support filed by Mr. Patrick, individually, and the other moving defendants (Docs. 49 & 52), which demonstrate

that this Court lacks personal jurisdiction, that venue is improper, and that each of Dondero's ten counts fails to state a claim. *Second*, and independently, the Trust must be dismissed because a trust is not a legal entity under Missouri law and lacks the capacity to be sued. Any claim concerning trust property must be asserted against the trustee—whom Dondero has already named. The Trust's presence in the caption is legally improper and serves no purpose other than to place a Missouri-formed party in a case that does not belong here.

## FACTUAL BACKGROUND

The DAAM Defendants incorporate the Factual Background set forth in Defendants' Suggestions in Support of their Motion to Dismiss. (Doc. 52 at 2–8). The facts relevant to the DAAM Defendants are few.

Dondero sues Mr. Patrick "individually and as trustee of Defendant DAAM Real Estate Trust," and separately names the Trust itself as a defendant. (Doc. 52 at 3; Doc. 1). Mr. Patrick is domiciled in Dallas County, Texas, where he has lived and worked for decades. (Doc. 50-1 ¶¶ 2–4). The Ashland Property was acquired on November 4, 2024, and is titled in the name of the DAAM Real Estate Trust, a private family trust for which Mr. Patrick serves as a trustee. (*Id.* ¶ 8). The property was acquired for personal and family purposes, to serve as the primary residence of Mr. Patrick's daughter while she attends a six-year academic program at the University of Missouri, and it is not Mr. Patrick's residence or an office or headquarters for any business or entity. (*Id.* ¶¶ 9–10). No funds belonging to Dondero, Dugaboy, or Charitable DAF HoldCo, Ltd. were used to purchase or maintain it. (*Id.* ¶ 9).

The Complaint's allegations against the DAAM Defendants are limited. Dondero alleges that Mr. Patrick "acquired and held Missouri real property through DAAM Real Estate Trust." (Doc. 52 at 13 (quoting Compl. ¶ 50)). In Count X, Dondero purports to bring an "In Rem Claim, Constructive Trust, Equitable Lien, and Tracing" against Mr. Patrick, individually and as trustee

of the Trust, and against the Ashland Property, which is not a defendant. (*Id.* at 45 & n.17). The Complaint does not allege that the Trust participated in the Charitable DAF Restructure or the HMIT Transaction, and six of the overt acts catalogued in Paragraph 133 of the Complaint occurred before the Ashland Property was purchased. (*Id.* at 13).

## ARGUMENT

### I. The DAAM Defendants Adopt and Incorporate by Reference Defendants' Motion to Dismiss and Suggestions in Support (Docs. 49 & 52).

The DAAM Defendants adopt and incorporate by reference, as if fully set forth herein, Defendants' Motion to Dismiss (Doc. 49), the Suggestions in Support of Defendants' Motion to Dismiss (Doc. 52), and the Declaration of Mark E. Patrick (Doc. 50-1). *See* Fed. R. Civ. P. 10(c). Rather than burden the Court with duplicative briefing, the DAAM Defendants summarize below how those arguments apply to them.

**Lack of personal jurisdiction (Doc. 52, Argument § I).** Dondero anchors jurisdiction under RICO in a single defendant, Mr. Patrick. (Doc. 52 at 9–11). Because RICO does not authorize nationwide personal jurisdiction over every defendant, Dondero must show that a Missouri court could exercise jurisdiction over Mr. Patrick consistent with Missouri's long-arm statute and the Due Process Clause. (*Id.* at 10–11). He cannot: Mr. Patrick is domiciled in Texas, Dondero identifies no cause of action arising from an enumerated activity in Missouri, and Mr. Patrick's sporadic, personal visits to Missouri bear no relationship to the conduct underlying Dondero's claims. (*Id.* at 11–16). As Defendants explained, Count X does not change this analysis because it seeks remedies rather than asserting a cause of action, and Missouri's long-arm statute requires a cause of action arising from activity covered by the statute. (*Id.* at 14 n.8). Those arguments apply equally to Mr. Patrick in his representative capacity.

**Improper venue, or alternatively transfer (Doc. 52, Argument § II).** Venue does not lie under RICO's venue provision because Mr. Patrick does not reside, is not found, has no agent, and does not transact his affairs in this District, and Dondero cannot show that the ends of justice require haling the remaining non-resident defendants into Missouri. (Doc. 52 at 17–19). Venue is likewise improper under 28 U.S.C. § 1391(b)(2) because the events allegedly giving rise to Dondero's claims occurred in Texas and the Cayman Islands, not Missouri. (*Id.* at 19–21). At a minimum, this action should be transferred to the Northern District of Texas, where virtually every party, witness, and item of evidence is located. (*Id.* at 21–23). The Trust's title to the Ashland Property does not alter this analysis—particularly because, as shown in Section II below, the Trust cannot be sued at all, and its trustee resides in Texas.

**Failure to state a claim (Doc. 52, Argument § III).** Each of Dondero's ten counts fails under Rule 12(b)(6). (Doc. 52 at 23–46). Of particular relevance to the DAAM Defendants, Count X—the only count specifically directed at the Ashland Property—fails because constructive trust, equitable lien, and tracing are remedies, not causes of action, and Dondero does not identify any cognizable "in rem" cause of action. (*Id.* at 45–46). And because each of the underlying substantive claims fails, there is no predicate wrong to which any equitable remedy against the Ashland Property could attach. (*Id.* at 23–45). Indeed, the Complaint does not allege that the Trust committed any RICO predicate act, made any representation, or participated in either challenged transaction.

For these reasons and those set forth in Docs. 49 and 52, the Complaint should be dismissed as to the DAAM Defendants or, alternatively, this action should be transferred to the Northern District of Texas.

## II. The DAAM Real Estate Trust Must Be Dismissed Because a Trust Lacks the Capacity to Be Sued Under Missouri Law.

Independent of the grounds set forth above, the Trust must be dismissed from this action with prejudice because it is not an entity capable of being sued.

In federal court, the capacity of a party that is neither an individual nor a corporation to sue or be sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). Missouri law therefore governs the Trust's capacity.

Under Missouri law, the answer is settled. It is well settled in Missouri that a trust has no legal capacity to be sued, and any action against a trust must be brought against the trustee. *Pauli v. Spicer*, 445 S.W.3d 667, 673 n.4 (Mo. Ct. App. 2014). As the Missouri Court of Appeals has explained, "[a] trust is not a legal entity and lacks the capacity to sue or be sued." *Mayer v. Lindenwood Female Coll.*, 453 S.W.3d 307, 314 (Mo. Ct. App. 2014). The proper party to any action involving trust property is the trustee, who holds legal title to that property. And when a representative such as a trustee is the proper party, it is the representative's own citizenship—not the place from which the representative derives his appointment—that matters. *Cf. Americold Realty Trust v. Conagra Foods, Inc.,* 577 U.S. 378, 383 (2016) ("And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes.")

Dondero named the Trust as a separate defendant alongside Mr. Patrick "as trustee of DAAM Real Estate Trust." (Doc. 1; Doc. 52 at 3). Under *Pauli* and *Mayer*, the Trust cannot be a party to this action. Dismissing the Trust also causes Dondero no prejudice: he has already named the trustee, so every claim he could conceivably assert concerning trust property is asserted, if at all, against Mr. Patrick in his representative capacity—where it fails for the reasons set forth in Section I. The Trust's presence as a separate defendant is legally improper and entirely redundant.

Nor can the Trust's inclusion support Dondero's effort to litigate this Texas dispute in Missouri. Because the Trust cannot be sued, the fact that it may have been formed in Missouri, or that it holds title to Missouri real property, is meaningless for purposes of jurisdiction and venue. *See Pauli*, 445 S.W.3d at 673 n.4; *cf. Americold Realty Trust,* 577 U.S. at 383. The relevant party is the trustee, and the Trust's trustee (Mr. Patrick) resides in Dallas, Texas. (Doc. 50-1 ¶¶ 2–3; Doc. 1, Exs. 1–2).

Because the Trust's lack of capacity to be sued is a defect that no amendment can cure, the Trust should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Docs. 49, 50-1, and 52, which are incorporated by reference, Defendants Mark E. Patrick, as trustee of the DAAM Real Estate Trust, and the DAAM Real Estate Trust respectfully request that the Court: (1) dismiss the DAAM Real Estate Trust from this action with prejudice because it lacks the capacity to be sued under Missouri law; (2) dismiss Plaintiffs' Complaint in its entirety as to Mark E. Patrick, as trustee of the DAAM Real Estate Trust, under Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6); or, in the alternative, (3) transfer this action to the Northern District of Texas; and (4) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Michael Blumenthal*

Michael Blumenthal, MO Bar #49153
SEYFERTH BLUMENTHAL & HARRIS LLC
4801 Main Street, Suite 310
Kansas City, MO 64112
Telephone: 816-756-0700
Facsimile: 816-756-3700

ATTORNEYS FOR DEFENDANT MARK E. PATRICK, TRUSTEE FOR THE DAAM REAL ESTATE TRUST, AND DEFENDANT DAAM REAL ESTATE TRUST

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of November 2026, a true and correct copy of the foregoing was served via the Court's ECF filing system with notice being sent to all attorneys of record.

/s/ *Michael Blumenthal*
Attorney for Defendants